UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.:

RSBC REAL ESTATE COMPANY, LLLP
d/b/a RYBOVICH,

Plaintiff,

vs.

M/Y *CASINO ROYALE* (Ex: *SOLO*), a 72-meter (236-foot) Tankoa Yachts motor yacht registered with the Cayman Islands Shipping Registry as Official Number 750316 and IMO Number 1011197, its engines, tackle, furniture, furnishings, tenders, personal watercraft, and appurtenances, *in rem*,

Defendant.
_______________________________________/

**VERIFIED COMPLAINT**

Plaintiff, RSBC Real Estate Company, LLLP d/b/a Rybovich, sues *in rem* Defendant, M/Y *Casino Royale* (Ex: *Solo*), a 72-meter (236-foot) Tankoa Yachts motor yacht registered with the Cayman Islands Shipping Registry as Official Number 750316 and IMO No. 1011197, its engines, tackle, furniture, furnishings, appurtenances, tender, and personal watercraft, *in rem*, and alleges:

**JURISDICTION AND VENUE**

1. Plaintiff, RSBC Real Estate Company, LLLP d/b/a Rybovich (hereinafter "Rybovich") brings a maritime lien foreclosure action under Title 46 U.S.C. § 31342(a) to recover money owed for *necessaries* provided to the *in rem* Defendant, M/Y *Casino Royale* (Ex: *Solo*).

2. Title 28 U.S.C. § 1331 provides subject matter jurisdiction to this Court because

Rybovich's maritime lien foreclosure action involves a federal question under Title 46 U.S.C. § 31342(a) of the Commercial Instruments and Maritime Liens Act.

3. Title 28 U.S.C. § 1333(1) provides subject matter jurisdiction to this Court because Rybovich's maritime lien foreclosure action involves a maritime claim that falls within the Court's admiralty jurisdiction.

4. To the extent the Court is required to make a declaratory judgment concerning the priority of competing maritime and non-maritime liens, it has subject matter jurisdiction to do so under Title 28 U.S.C. §§ 2201 and 2202; Title 46 U.S.C. § 31301 *et. seq.*; and Title 28 U.S.C. § 1333(1).

5. The *in rem* Defendant, M/Y *Casino Royale* (Ex: *Solo*), is located within the territorial jurisdiction of the U.S. District Court for the Southern District of Florida and will remain so during the pendency of this action.

6. This Court is the proper venue to resolve this matter because:

a. The Defendant Vessel is in Palm Beach County, Florida;

b. Rybovich provided services and supplies to the Vessel in Palm Beach County, Florida;

c. The Dockage Agreements were executed and breached in Palm Beach County, Florida; and,

d. The witnesses are within this Court's jurisdiction.

7. Rybovich invokes Rule 9(h) of the Federal Rules of Civil Procedure for purposes of asserting its maritime lien foreclosure action and breach of maritime contract action.

8. Rybovich has satisfied all conditions precedent for filing this suit.

## GENERAL ALLEGATIONS

9. Rybovich is a Delaware limited liability limited partnership that conducts its principal business in Palm Beach County, Florida.

10. Rybovich operates a boat repair, storage and marina facility on the intracoastal waterway in Palm Beach County, Florida.

11. *In rem* Defendant, M/Y *Casino Royale*, is a 72-meter (236-foot) Tankoa Yachts motor yacht, which is registered with the Cayman Islands Shipping Registry as Official Number 750316 and with the International Maritime Organization as IMO No. 1011197 (hereinafter the "Vessel"). A copy of the Vessel's certified Transcript of British Registry, which was issued by the Cayman Islands Shipping Registry is attached hereto as Exhibit "1".

12. At all times material, the in *rem* Defendant is a "vessel" as defined by Title 1 U.S.C. § 3.

13. At all times material, the Vessel includes the main engines, tackle, furniture, furnishings, apparel, tender, personal watercraft and appurtenances.

14. Superior Advantages Limited ("SAL") is a foreign company with a principal address of 8/F China Hong Kong Tower, 8-12 Hennessy Road, Wan Chai, Hong Kong.

15. At all times material, SAL is the owner of the Vessel.

16. At all times material, SAL employed Chris Hammond as master a/k/a captain of the Vessel.

17. As master, Chris Hammond has actual or apparent authority to procure services and supplies (i.e. "*necessaries*") for the Vessel pursuant to Title 46 U.S.C. § 31341(a).

18. In his capacity as the Vessel's master and/or authorized agent, Chris Hammond executed two Dockage Agreements with Rybovich to procure dockage, utilities and other

*necessaries* for the Vessel.

19. Captain Hammond signed the first Dockage Agreement on June 20, 2025. A copy of the June 20, 2025, Dockage Agreement is attached hereto as Exhibit "2".

20. Captain Hammond executed the second Dockage Agreement on May 11, 2026. A copy of the May 11, 2026, Dockage Agreement is attached hereto as Exhibit "3".

21. Rybovich provided dockage, utilities, services and supplies to the Vessel at its facility in Palm Beach County, Florida pursuant to the orders of the owner, the master and/or other persons who are presumed to have authority to procure *necessaries* under Title 46 U.S.C. § 31341(a).

22. Rybovich's Owner Statement a/k/a statement of account ("Statement") showing the outstanding balance due for *necessaries* provided to the Vessel during 2025 and 2026 is attached hereto as Exhibit "4".

23. Specifically, Rybovich delivered the following amounts of *necessaries* to the Vessel:

a. $532,953.61 for marina services provided to the Vessel, which includes dockage/storage, utilities and related charges during 2025 and 2026;

b. $172,628.59 for supplies and related charges provided to the Vessel during 2025 and 2026;

c. $642,101.71 for work, repairs and related charges provided to the Vessel during 2025 and 2026. See Exhibit "4" attached hereto.

24. Rybovich continues providing dockage/storage, services and supplies to the Vessel after the dates shown on the Statement and it is entitled to recover the amounts

due for the additional necessaries.

25. SAL paid Rybovich $83,266.65 in partial payment for the *necessaries* described in paragraph 24 above, which shows the Owner agreed to Rybovich's services, rates and charges. See Exhibit "4".

26. Rybovich is owed One Million Two Hundred Sixty-Fourt Thousand Three Hundred Forty-Nine Dollars and Fifty-Seven Cents ($1,264,349.57) for *necessaries* delivered to the Vessel as described in paragraph 24 above and the Statement attached hereto as Exhibit "4".

27. Rybovich submitted the Statement and invoices to the Vessel's owner and demanded payment for same.

28. The owner, SAL, has not paid Rybovich for all the *necessaries* that were delivered to the Vessel. See Exhibit "4".

29. Rybovich continues to provide *necessaries* to the Vessel and it is entitled to recover all the amounts that accrue after the dates shown in the attached Statement (Exhibit "4") to the date when the Vessel is arrested by the U.S. Marshals Service in this action.

30. If there is a preferred ship mortgage against the Vessel, then the mortgage will be subordinate to Rybovich's maritime *necessaries* lien because Rybovich provided the work, services and supplies to this foreign registered Vessel in the United States of America.[1]

31. Rybovich is entitled to recover the full amount of its preferred maritime *necessaries* lien before subordinate liens, including a foreign ship mortgage (if any).

32. As a superior maritime lien holder, Rybovich is entitled to credit bid up to the full amount of its *in rem* judgment at a Court ordered U.S. Marshal's sale of the Vessel.

33. If a third-party purchases the Vessel for cash at a Court ordered U.S. Marshal's

---

[1] See Title 46 U.S.C. § 31326(b)(2); and *Dresdner Bank AG, v. M/V Olympia Voyager*, 463 F. 3d

sale, then Rybovich is entitled to recover the full amount of its judgment from the Vessel's sales proceeds before lower ranking liens are paid.

**COUNT I**
**RYBOVICH'S MARITIME LIEN FORECLOSURE ACTION**
**AGAINST M/Y *CASINO ROYALE* (Ex: *SOLO)***
**PURSUANT TO TITLE 46 U.S.C. § 31326**

34. Rybovich re-alleges the facts in paragraphs 1 through 33 of the Verified Complaint as if fully set forth herein.

35. Rybovich invokes Supplemental Admiralty Rules C and E for purposes of foreclosing its maritime lien against the Vessel.

36. Rybovich has a preferred maritime lien for *necessaries* delivered to the Vessel pursuant to Title 46 U.S.C. § 31342(a) of the Commercial Instruments and Maritime Liens Act. [See ¶ 18 of the Dockage Agreements attached hereto as Exhibits "2" and "3"; and the Statement attached as Exhibit "4"].

37. Title 46 U.S.C. §§ 31326 and 31342 provides Rybovich a statutory cause of action to foreclose a maritime *necessaries* lien against the Vessel through this *in rem* action.

38. In addition to recovering the amount due for *necessaries*, Rybovich is contractually entitled to recover court costs, including *custodia legis* expenses (*e.g.* U.S. Marshal's fees/expenses and the substitute custodian's fees and expenses) from the Vessel. [See ¶¶ 17 and 18 of the contracts attached hereto as Exhibits "2" and "3"].

39. Rybovich is also contractually entitled to recover pre-judgment interest at the rate of 1.5% per month (annual percentage rate of 18%) on the outstanding balance pursuant to the terms of the maritime contracts. [See ¶ 23 of the contracts attached hereto as Exhibits "2" and "3"].

---

1210 (11th Cir. 2006).

WHEREFORE, Plaintiff, RSBC Real Estate Company, LLLP d/b/a Rybovich, demands the following relief:

(A) That the Court direct the manner in which Rybovich shall give notice of this action to the owner, master, ranking officer and/or manager of the *in rem* Defendant Vessel, and to any persons, firms or corporations having an interest therein;

(B) That the Court order all persons claiming any interest in the Vessel to appear and answer the matters aforesaid;

(C) That the Court declare Rybovich has a preferred maritime lien for *necessaries* and that it is a valid and subsisting lien upon the Vessel

(D) If appropriate, the Court declare Rybovich's preferred maritime *necessaries* lien is superior in interest to a preferred ship mortgage pursuant to Title 46 U.S.C. § 31326(b)(2);

(E) That the Court declare Rybovich's preferred maritime *necessaries* lien is superior in interest to other liens, claims or interests that may be asserted against the Vessel in this action;

(F) That the Court decree all persons, firms and corporations claiming any interest in the Vessel who fail to intervene in this suit are forever barred and foreclosed of all right or equity redemption, or claim of, in, or to said Vessel;

(G) That the Court enter judgment in favor of RSBC Real Estate Company, LLLP d/b/a Rybovich against M/Y *Casino Royale* (Ex: *Solo*) for the outstanding debt owed for *necessaries* that Rybovich provided to the Vessel, plus pre-judgment interest, and costs including the administrative fees associated with *custodia legis* services;

(H) That the Court condemn M/Y *Casino Royale* (Ex: *Solo*) and order it sold at auction by the United States Marshal to pay the *in rem* judgment awarded to Rybovich;

(I) That the Court allow Rybovich to credit bid up to the amount of its judgment at the Marshal's sale of the Vessel;

(J) That the Court decree Rybovich is the only judgment creditor allowed to credit bid its judgment at the Marshal's sale because Rybovich holds the highest-ranking lien against the Vessel by operation of the applicable Maritime Liens Act and/or equitable subordination;

(K) That if the Court enters judgment(s) in favor of other parties holding maritime liens, which are subordinate to Rybovich's *necessaries* lien, the Court decree the subordinate judgment creditor(s) must pay and satisfy Rybovich's judgment before the Marshal's sale to obtain the Court's authority to credit bid their judgment(s); and,

(L) For the Court to award Rybovich such other and further relief as the Honorable Court deems proper.

Dated: October 16, 2026.

Respectfully submitted,

By: */s/ Farris J. Martin III*

FARRIS J. MARTIN, III
Florida Bar No. 0879916
JAMES W. STROUP
Florida Bar No. 0842117
STROUP & MARTIN, P.A.
*Attorneys for Plaintiff,*
*RSBC Real Estate Company LLLP*
*d/b/a Rybovich*
119 Southeast 12th Street
Fort Lauderdale, Florida 33316
Telephone: (954) 462-8808
E-mail: fmartin@strouplaw.com
E-mail: jstroup@strouplaw.com

**VERIFICATION**

MARIO BYRNE declares under penalty of perjury:

1. My name is Mario Byrne, and I am over 21 years old. I am the General Manager of RSBC Real Estate Company, LLLP d/b/a Rybovich. My position is such that I am involved with the day-to-day management of Rybovich.

3. I am familiar with the M/Y *Casino Royale* (Ex: *Solo*), the service, work and supplies that Rybovich provided to the Vessel, and the amounts owed the *necessaries*.

4. I have read the foregoing Verified Complaint, including the exhibits, and know the contents thereof.

5. I affirm the facts alleged in the Verified Complaint are true based on my personal knowledge, interviews with Rybovich's employees, and review of Rybovich's records concerning the Vessel. In addition, the documents in the exhibits attached to the Verified Complaint are true and correct copies of the original business records maintained by Rybovich.

Pursuant to Title 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th day of October 2026.

Mario Byrne

MARIO BYRNE, as authorized signatory
of RSBC Real Estate Company, LLLP
d/b/a Rybovich

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with this Court's CM/ECF docketing system this 16th day of October, 2026.

By: */s/ Farris J. Martin III*
FARRIS J. MARTIN, III
Florida Bar No. 0879916